**ECONOMY FINANCE AGENCY, an Oklahoma Limited Partnership, Appellant,**

v.

**Otis STICKNEY, Appellee.**

**No. 65639.**

Court of Appeals Oklahoma, Oklahoma City Divisions.

June 17, 1987.

Janet L. Drake, Perry, for appellant.

Royce A. Hobbs, Perry, for appellee.

BAILEY, Judge.

ACCELERATED DOCKET DECISION

This appeal was placed on the Accelerated Docket. Oral presentation was waived and the matter was submitted on briefs to the undersigned judges.

Herein, the parties will be referred to as they appeared in the trial court. Appellant was Plaintiff, and Appellee was Defendant.

Defendant borrowed money from Plaintiff in December, 1983, and again in February, 1984. Each time Defendant was required to sign a one-page instrument entitled: "Loan Contract—Promissory Note—Disclosure & Security Agreement". These instruments were printed forms, with blanks to be filled in, furnished by Plaintiff. The executed documents were identical except for dates, collateral listed, and the terms of the loans.

In December, Defendant was also required to sign a UCC–1 financing statement. Both the loan contract and financing statement contained identical lists of

household goods. The loan contract listed the household goods under the heading "Description of collateral", and the financing statement listed them in a space below the following language: "This financing statement covers the following types (or items) of property".

The February instrument listed the collateral as a "Chevy Pick-up" plus its serial number, under the "Description of Collateral" heading. In addition, Plaintiff filed a motor vehicle lien entry form and the lien was endorsed on the Certificate of Title for the pick-up.

Defendant defaulted on both loans. Plaintiff filed this action on the two promissory notes and also sought judgment foreclosing the two alleged security interests, and replevin of the collateral.

Defendant admitted the debts, but denied the existence of a security interest in either the December or the February transactions. The trial court entered judgment for Plaintiff on both promissory notes, but denied judgment of foreclosure for the reason that no security interest was created by either the December or the February instrument. Plaintiff appeals from the judgment denying foreclosure and replevin in each instance.

Defendant contended in the trial court, and in this Court, that the loan contracts do not contain any language which grants, creates or provides for a security interest in the collateral listed therein which secures the payment of the debts. The trial court agreed.

Plaintiff contends the trial court erred, as a matter of law, in holding that the December and February documents did not create security interests which may be foreclosed and in denying replevin of the collateral. We agree.

In the loan contracts, the paragraph which appears above the list of collateral contains the following language:

*Security:* You are giving a security interest in the goods or property shown below owned or being purchased.

Also, near the bottom of the loan contracts, immediately above the signatures, the following language appears:

The Lender retains a security interest in the subject matter of this agreement.

Neither party cites any decision by the Oklahoma Courts wherein the precise issue involved here was decided. Whether words of grant, such as "grant, bargain, sell, convey, mortgage," or similar words, are required under Oklahoma's Uniform Commercial Code for the creation of a security interest is the only issue in this appeal.

12A O.S. 1981 § 1–201(37) states that security interest "means an interest in personal property ... which secures payment or performance of an obligation...." A security interest is created by a security agreement. 12A O.S. 1981 § 9–105(1)(*l*) states that a " 'security agreement' means an agreement which creates or provides for a security interest". Paragraph (m) of this section defines secured party as a "lender, seller or other person in whose favor there is a security interest...." The Uniform Commercial Code defines agreement as "the bargain of the parties in fact as found in their language or by implication from other circumstances ... Whether an agreement has legal consequences is determined by the provisions of this act ...:" 12A O.S. 1981 § 1–201(3).

A non-possessory security agreement has five prerequisites: 1) it must be in writing, 2) it must contain a description of the collateral, 3) it must be signed by the debtor, 4) value must be given, and, the debtor must have rights in the collateral. See 12A O.S.1981 § 9–203(1).

In the case at bar, we find that the two loan contracts satisfy these five requirements. Each is in writing, each contains a description of the collateral, each is signed by the debtor, value was given, and, the debtor has rights in the collateral.

The notations "You are giving a security interest in this property" and "The lender retains a security interest in the subject of this agreement", the listing of collateral,

together with the UCC–1 and the endorsement of lien on the Certificate of Title for the pick-up, are sufficient to show intent to create an enforceable security interest.

As set forth in the case of *Mitchell v. Shepherd Mall State Bank,* 458 F.2d 700, 703 (10th Cir.1972):

> Cases and treatises construing these two sections (§ 9–105(1)(h) and § 9–203(1)) have almost uniformly come to the conclusion that in order for a security agreement to be effective it must contain language which specifically creates or grants a security interest in the collateral described. "While there are no magic words which create a security interest, there must be language in the instrument which 'leads to the logical conclusion that it was the intention of the parties that a security interest be created' ". (Footnotes and citations omitted.)

■ The public policy of this State, as expressed by the Uniform Commercial Code, is to move away from archaic legalisms and reduce formal requirements to a bare minimum. We hold that technical words of grant are not required to create a security interest. The intention of the parties as expressed within the four corners of the instruments involved should be enforced.

■ Applying this test to the case at bar, we hold that the language in the loan contracts leads to the logical conclusion that it was the intention of the parties that a security interest be created. For the trial court to rule otherwise was reversible error.

Therefore the judgment of the trial court is REVERSED and this case is REMANDED with instructions that judgment be entered for Plaintiff, and for further proceedings in accordance with this opinion.

GARRETT, P.J., and REYNOLDS, J., concur.